MARY RYAN, as Administratix, etc., of THOMAS RYAN, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Contributory negligence — a person stepping upon a track which he has just left and struck by an engine which he has seen thereon.*

In an action brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, it appeared that when the intestate was crossing four standard gauge tracks lying side by side, as he had long been accustomed to do in going to his work, there stood upon the third track some freight cars, with an open space between them, through which the plaintiff's intestate passed, and entered upon the fourth track, on which an engine was backing towards him; that he then stepped back from the fourth track towards the third one, whereupon the engineer, who had reversed his engine so that it had nearly stopped, started it ahead more rapidly, and at that moment the deceased stepped again upon the fourth track and was almost instantly struck.

*Held,* that a verdict excusing the plaintiff's intestate from contributory negligence should not be allowed to stand.

APPEAL by the plaintiff, Mary Ryan, as administratrix, etc., of Thomas Ryan, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 13th day of December, 1897, upon the dismissal of the complaint by direction of the court after a trial at the Rensselaer Trial Term.

The plaintiff sought to recover damages for the death of her intestate, alleged to have been caused by the negligence of the defendant.

The complaint was dismissed upon the ground of the intestate's contributory negligence.   The case upon a former appeal is reported in 17 Appellate Division, 221.

*G. B. Wellington*, for the appellant.

*R. A. Parmenter*, for the respondent.

LANDON, J. :

The facts are, in some details, different from what they were on on the former appeal.   Four standard gauge tracks lie side by side, numbered from the east 1, 2, 3, 4, and two narrow gauge tracks next them, all extending northerly and southerly.   The intestate was crossing these tracks from the east towards the west on or near Tyler street, in the city of Troy, to reach his work.   He had long been accustomed to do so.   Upon standard track No. 3 stood some freight cars with an open space of some feet between them through which plaintiff's intestate came and entered upon the fourth track. Upon the fourth track an engine was then backing from the north, south towards the intestate, who was walking south between the rails of track No. 4.   The engineer blew his whistle, reversed his engine, rang his bell and slowed down.   The intestate stepped off the fourth track toward the east and next to the freight cars on track 3, and turned and looked north toward the engine.   Thereupon the engineer, whose engine had nearly stopped, reversed it and started it ahead more rapidly.   At this moment the deceased stepped back again upon track 4, and was almost instantly struck.   The engineer testifies that he saw him step back, and that he instantly reversed.   A brakeman upon the car next north of the backing engine testifies that the engine was not then reversed. Assuming a conflict in this respect, we do not think that a verdict excusing the plaintiff's intestate from contributory negligence could stand.   We have no explanation, consistent with reasonable care, of the intestate's act in stepping directly in front of the moving engine. It is possible that he thought the engine would come to a full stop,

but that is a conjecture — not an inference deducible from the facts proven; but if so deducible, it would not excuse his stepping in front of the engine before he knew whether it would stop or not.

The judgment should be affirmed, with costs.

All concurred, except PUTNAM, J., not sitting.

Judgment and order affirmed, with costs.